# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1071V
UNPUBLISHED

| | |
|---|---|
| TORI JONET,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: November 29, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu); Tetanus; Vasovagal<br>Syncope. |

*Mark Budzinski*, Corneille Law Group, Green Bay, WI, for Petitioner.

*Nina Ren*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING DAMAGES**[1]

On March 15, 2021, Tori Jonet filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that after receiving influenza ("flu") and tetanus vaccines on November 15, 2019, she developed vasovagal syncope with residual effects lasting more than six months. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 21, 2022, a ruling on entitlement was issued, finding that Petitioner was entitled to compensation for a Table injury of vasovagal syncope. On November 28, 2022, Respondent filed a proffer on award of compensation, which indicates Petitioner's

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

agreement to the amount(s) therein. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award a lump sum payment of $90,810.00 (representing $90,000.00 for pain and suffering and $810.00 for past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TORI JONET,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | No. 21-1071V<br>Chief Special Master Corcoran<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION[1]

### I. Procedural History

On March 15, 2021, petitioner, Tori Jonet, filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, *as amended* (the "Vaccine Act"), 42 U.S.C. §§ 300aa-1 to -34, alleging that she developed vasovagal syncope and related sequalae after receiving influenza ("flu") and tetanus vaccines on November 15, 2019. *See* Petition.

On March 21, 2022, respondent, the Secretary of Health and Human Services, filed a Rule 4(c) Report, concluding that petitioner suffered a vasovagal syncope episode as defined by the Vaccine Injury Table, within the Table timeframe. ECF No. 28. On April 21, 2022, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation for the Table injury for vasovagal syncope. ECF No. 29.

### II. Items of Compensation

    a. Pain and Suffering

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

Based on the record evidence, respondent proffers that petitioner should be awarded $90,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

      b. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $810.00. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

### III. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following: a lump sum payment of **$90,810.00**, in the form of a check payable to petitioner.[2] Petitioner agrees.

                                        Respectfully submitted,

                                        BRIAN M. BOYNTON
                                        Principal Deputy Assistant Attorney General

                                        C. SALVATORE D'ALESSIO
                                        Director
                                        Torts Branch, Civil Division

                                        HEATHER L. PEARLMAN
                                        Deputy Director
                                        Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

                                              DARRYL R. WISHARD
                                              Assistant Director
                                              Torts Branch, Civil Division

                                              /s/ NINA Y. REN
                                              NINA Y. REN
                                              Trial Attorney
                                              Torts Branch, Civil Division
                                              U.S. Department of Justice
                                              P.O. Box 146
                                              Benjamin Franklin Station
                                              Washington D.C. 20044-0146
                                              (202) 451-7499
                                              Nina.Ren@usdoj.gov

DATED: November 28, 2022