# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1071V
(not to be published)

| | |
|---|---|
| TORI JONET,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: July 17, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs. |

*Mark Budzinski*, Corneille Law Group, Green Bay, WI, for Petitioner.

*Nina Ren*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

      On March 15, 2021, Tori Jonet filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that after receiving influenza and tetanus vaccines on November 15, 2019, she developed vasovagal syncope with residual effects lasting more than six months. Petition, ECF No. 1. On November 29, 2022, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 38.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $24,354.10 (representing $22,071.50 for attorney's fees and $2,282.60 for litigation costs). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed May 24, 2023, ECF No. 41. In accordance with General Order No. 9, Petitioner filed a signed statement indicating no out-of-pocket expenses were incurred. ECF No. 41-5.

Respondent reacted to the motion on May 24, 2023, noting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 42. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

### A. Attorney Hourly Rates

Petitioner requests the following hourly rates for Mark Budzinski and associate attorneys performing work in this matter, as follows:

|                          | 2020  | 2021  | 2022  |
|--------------------------|-------|-------|-------|
| Mark T. Budzinski        | $300  | $325  | $350  |
| Christina Davis Sommers  | $300  | $325  | $350  |
| Bree A. Madison          | X     | $350  | $350  |

Mr. Budzinski has been a licensed attorney since 2000, placing him in the range of attorneys with 20-30 years' experience on the OSM Attorneys' Forum Rate Schedule.[3] ECF No. 41-1. I find his requested rates for 2020-22 to be reasonable and within the Vaccine Program's published range for attorneys of his comparable experience.

However, the requested rates for Christina Sommers and Bree Madison require adjustment. Ms. Sommers and Ms. Madison are listed as associates, with no affidavits or additional information provided to explain the hourly rates requested for these individuals. ECF No. 41-2 at 17. Additionally, the Clerk's Office has confirmed that these attorneys are not licensed to practice in the Court of Federal Claims. An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013).

As such, the time billed by these associate attorneys must be compensated at non-attorney rates. I shall reduce their rates to the following: $163 per hour for 2020; $172 per hour for 2021; and $177 per hour for 2022. These rates are more in line to that of a supporting paralegal in the Vaccine Program. This results in a reduction of attorney fees in amount of **$5,816.90.**[4]

---

[3] The OSM Attorneys' Forum Hourly Rate Schedules are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914

[4] This amount consists of Christina Davis: ($300 - $163 = $137 x 7.10hrs = $972.70) + ($325 - $172 = $153 x 12.10hrs = $1,851.30) + ($350 - $177 = $173 x 5.40hrs = $934.20) + Bree Madison: ($350 - $177 = $173 x 11.90hrs = $2,058.70) = $5,816.90

B. <u>Non-Compensable Billing</u>

Mr. Budzinski billed a total of 2.20 hours on tasks which are not reimbursable. In particular, Petitioner requests fees associated with obtaining Mr. Budzinski's bar admission to the Court of Federal Claims. However, "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). Examples of these tasks include:

- Jan. 8, 2020 (0.40 hrs) "Research requirements for admission to Court of Federal Claims and Complete mandatory documentation to admit Attorney Budzinski to Court of Federal Claims";

- Jan. 9, 2020 (0.60 hrs) "Continue to work on Attorney Budzinski's admission to U.S. Court of Federal Claims";

- Jan. 13, 2020 (1.20 hrs) "Review practice guidelines of Federal Court of Claims…"

(ECF No. 41-2).

The Program does not pay fees associated with the Court's bar admission process. I will therefore deny reimbursement for all such fees, further reducing the amount to be awarded for attorney's fees by **$660.00**.[5]

C. <u>Attorneys' Costs</u>

Lastly, Petitioner requests $2,282.60 in costs. (ECF No. 41-3 at 21). This amount is comprised of the cost for bar admission to the Court of Federal Claims, the Court's filing fee, copying and postage costs, and medical records. I find the majority of these reasonable, with the exception of the $281.00 charge associated with "Admission to the

---

[5] This amount consists of the reduced rate of $300 x 2.20 hrs = $660.00.

Court of Federal Claims." (ECF No. 41-3 at 19). The cost of an attorney's admission to the Court's bar is not a reimbursable sum in the Vaccine Program. The costs to be awarded are thus reduced by **$281.00**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$17,596.20 (representing $15,594.60 for attorney's fees and $2,001.60 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mark T. Budzinski.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.